

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

January 22, 2001

The Honorable Juan J. Hinojosa                    Opinion No. JC-0334
Chair, Committee on Criminal Jurisprudence
Texas House of Representatives                    Re: Procedures governing disciplinary action
P.O. Box 2910                                     against an employee of a sheriff's department
Austin, Texas 78768-2910                          covered by a county civil service system
                                                  (RQ-0267-JC)

Dear Representative Hinojosa:

On behalf of the Hidalgo County Sheriff's Department (the "Department"), you ask about the law and procedures generally applicable to disciplinary action against an employee of the Department. Department employees, you tell us, are covered by the county civil service system established under subchapter A of chapter 158 of the Local Government Code (a "subchapter A county civil service system").[1] You first ask whether there is a time limit for taking disciplinary action against a Department employee upon discovery of a violation of the law, a civil service rule, or both. You next ask whether the disciplinary procedures set out in section 143.1017 or 158.0351 of the Local Government Code apply to the county's civil service system. Finally, you ask whether the Department must file with the attorney general a criminal investigation statement required by subsection (h) of section 143.1017, if the Department intends to indefinitely suspend an employee for a violation of the law, civil service rule, or both.

We answer your first question in general terms and with reference only to the civil service provisions of the Local Government Code. We conclude that there are no statutory time limits for taking disciplinary action against an employee of the sheriff's department covered by a subchapter A county civil service system. We also conclude that section 143.1017, which sets forth disciplinary procedures applicable to a municipal fire fighters and police officers civil service system, and section 158.0351, which sets out procedures applicable to a sheriff's department civil service system in a county with a population of more than 500,000, by their terms do not apply to a chapter 158, subchapter A county civil service system. The subchapter A civil service commission, however,

---

[1]*See* Letter from Honorable Juan J. Hinojosa, Chair, House Committee on Criminal Jurisprudence, to Honorable John Cornyn, Texas Attorney General (Aug. 10, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

could adopt the section 143.1017 or 158.0351 provisions as rules or use them as a guide in adopting its rules. Finally, we conclude that the Department is not required by section 143.1017(h) to file a statement with the attorney general if the Department intends to indefinitely suspend an employee given that the statute by its terms does not apply to the county civil service system.

To provide a legal context for your questions, we briefly review the county civil service scheme under subchapter A of chapter 158 of the Local Government Code. Subchapter A permits a county with a population of 200,000 or more to create a county civil service system to include "all the employees of the county who are not exempted from the system by the express terms or judicial interpretations of [Subchapter A] or by the operation of Subchapter B."[2] TEX. LOC. GOV'T CODE ANN. § 158.002 (Vernon 1999). If a civil service system is created, the commissioners court must appoint a civil service commission to administer the system. *See id.* § 158.008 (a). The civil service commission must adopt, publish, and enforce rules regarding (1) the definition of an employee; (2) selection and classification of employees; (3) competitive examinations; (4) promotions, seniority, and tenure; (5) layoffs and dismissals; (6) disciplinary actions; (7) grievance procedures; and (8) other matters relating to employees' selection, rights, advancement, benefits, and their working conditions. *See id.* § 158.009(a). Subchapter A does not set out procedures applicable to dismissal of civil service county employees or to disciplinary action against them.

Hidalgo County has a population of 383,545 according to the most recent federal decennial census. *See* 1 BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 1990 CENSUS OF POPULATION: General Population Characteristics: Texas 2 (1992); TEX. GOV'T CODE ANN. § 311.005(3) (Vernon 1998) ("'Population' means the population shown by the most recent federal decennial census."). Pursuant to chapter 158, subchapter A, Hidalgo County voters approved the creation of a county civil service system; and the county civil service commission appointed by the commissioners court adopted a rule including deputy sheriffs and deputy constables within the definition of county "employees"[3] subject to the civil service system. *See* Request Letter, *supra*, note 1 at 1. We assume that the civil service commission in Hidalgo County has not adopted rules addressing the disciplinary procedures you ask about.

---

[2]Subchapter B of chapter 158 allows creation of a sheriff's department civil service system in a county with a population of more than 500,000. *See* TEX. LOC. GOV'T CODE ANN. §§ 158.031-.040 (Vernon 1999).

[3]Section 158.001(2) defines an "employee" in a county that has adopted a subchapter A civil service system as

> a person who obtains a position by appointment and who is not authorized by statute to perform governmental functions involving an exercise of discretion in the person's own right, unless the person is included by a local service rule adopted under the procedures outlined in Section 158.009; or a person included in the coverage of a county civil service system as the result of an election held under Section 158.007.

*Id.* § 158.001(2).

We begin our analysis with your second question: whether section 143.1017 or section 158.0351 of the Local Government Code apply to a county that has adopted a civil service system under subchapter A of chapter 158. We conclude that neither provision by its terms applies to such a county.

Chapter 143 of the Local Government Code applies only to a city that adopts a civil service system covering fire fighters, police officers, or both. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.002, .004 (Vernon 1999). Section 143.1017, which sets out procedures for suspending or dismissing a fire fighter or police officer who is indicted for a felony or officially charged with any other crime involving moral turpitude, applies only to a municipality with a population of 1.5 million or more. *See id.* §§ 143.101(a), .1017.

Subchapter B of chapter 158 of the Local Government Code, sections 158.031 through 158.040, applies to a sheriff's department civil service system established in a county with a population of more than 500,000. *See id.* § 158.032. Section 158.0351, which also sets out procedures for suspending or dismissing a sheriff's department employee indicted for a felony or charged with the commission of a class A or B misdemeanor, applies only to a sheriff's department civil service system in a county with a population of 2.8 million or more. *See id.* § 158.0351.

You next ask: "If a county employee is suspended under these conditions, violation of law and/or Civil Service Rule and the department head is considering ordering an indefinite suspension, is the sheriff's department required to file with the attorney general a statement within 180 days as stated in section 143.1017(h) [of the Local Government Code]?" Request Letter, *supra*, note 1 at 2. We conclude in the negative. Subsection (h) of section 143.1017 allows a department head to indefinitely suspend a fire fighter or police officer after the 180-day period following the date of the discovery of the act constituting a felony or a crime of moral turpitude when the department head considers a delay to be necessary to protect a criminal investigation of the person's conduct. *See* TEX. LOC. GOV'T CODE ANN. § 143.1017(h) (Vernon 1999). If the department head intends to do that, he or she must file with the attorney general a statement describing the criminal investigation and its objective within 180 days after the date the act complained of occurred. *See id.* But as we have previously concluded, section 143.1017 by its terms does not apply to a subchapter A county civil service system.

But, while sections 143.1017 and 158.0351 by their terms do not apply to a county that has established a civil service system under subchapter A of chapter 158, a civil service commission in such a county could adopt the substance of these provisions as a rule or use them as a guide in adopting its rules addressing disciplinary procedures. *See id.* §§ 158.008(a), .009(b); Tex. Att'y Gen. Op. No. DM-338 (1995) at 10. Section 158.009(a) directs a civil service commission established pursuant to subchapter A to adopt, publish, and enforce rules regarding dismissals and disciplinary actions, among other subjects. TEX. LOC. GOV'T CODE ANN. § 158.009(a) (Vernon 1999). Section 158.009(b) authorizes it to adopt or use as a guide any civil service law or rule of the United States, the state, or a political subdivision of the state to the extent the law or rule promotes the purposes of subchapter A and serves the county's needs. *See id.* § 158.009(b); Tex. Att'y Gen. Op. No. DM-

338 (1995) at 10 ("The language of section 158.009 thus tends to suggest a narrower legislative intent to authorize the commission to adopt or use laws or rules that serve as guides only for its own rule-making process.").

Finally, we consider your question: "Is there a time limit for taking disciplinary action against an employee of the sheriff's department upon discovery of a violation of law and/or civil service rule violation?" Request Letter, *supra*, note 1 at 1. Given the lack of context and specificity of your question, we answer it in general terms and with reference only to the statutory civil service provisions of the Local Government Code.

Subchapter A of chapter 158 of the Local Government Code does not provide a time frame within which disciplinary action must be taken upon discovery of a misconduct. Civil service provisions in chapters 143 – municipal civil service system – generally require that disciplinary action be taken within six-months of the discovery of the conduct, *see, e.g.,* TEX. LOC. GOV'T CODE ANN. § 143.056(h) (Vernon 1999) (indefinite suspension based on felony or class A or B misdemeanor may be ordered after 180-day period following discovery of act only if delay is necessary to protect criminal investigation); *id.* § 143.1017(h) (indefinite suspension based on felony or crime of moral turpitude may be ordered after 180-day period following discovery only if delay is necessary to protect a criminal investigation in city with population of 1.5 million or more). However, these provisions by their terms do not apply to a chapter 158, subchapter A county civil service system.

While subchapter A does not limit the time frame for taking disciplinary action against a civil service employee, in our opinion, any disciplinary action should be taken within a reasonable time of the discovery of the violation of the law, civil service rule, or both.

## S U M M A R Y

There is no statutory time limit for taking disciplinary action against an employee of a sheriff's department covered by a civil service system established under subchapter A of chapter 158 of the Local Government Code. Sections 143.1017 and 158.0351 of the Local Government Code do not apply to a chapter 158, subchapter A county civil service system. A subchapter A civil service commission, however, could adopt the section 143.1017 or 158.0351 provisions as rules or use them as a guide in adopting its rules. A department head in a subchapter A county civil service system is not required by section 143.1017(h) to file a statement with the attorney general if the department intends to indefinitely suspend an employee given that the statute by its terms does not apply to a subchapter A county civil service system.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General - Opinion Committee